Mr. Riley, and by the way, I was just kidding about the panel change. And please court justices, I don't intend to take up my a lot of time, as I indicated in a letter to the clerk, I was only really concerned with one issue, and we got one of those standard letters saying that it could be taken without oral argument. So I'm going to, if please court, limit my argument to the issue that I think is one that should be addressed by this court, and it's specifically the issue of the forfeiture of evidentiary claims for review, and the related issue of whether the appropriate standard is civil or criminal under the plain error rule. This case was a sexually violent person case heard by jury trial in the circuit court of LaSalle County. The jury came back with a finding that Mr. Feulner was a sexually violent person. The area of concern to me when I reviewed the record and the law submitted by appellate counsel, I am substitute counsel, it's somewhat bizarre in the middle of an appeal that counsel be allowed to withdraw and be substituted, but I am substituting in for the attorney who not only handled the initial trial, but also presented the appellate brief. My name is obviously nowhere on the appellate brief, and that's a brief explanation. What I believe the trial court in this case erred in doing was to allow a lot of evidence that was not submitted pursuant to the requirements of the sexually violent persons act. There are three basic things that have to be shown under the act. Convictions of a sexually violent act are one of them. I'm not suggesting that that was not the case with Mr. Feulner. There was plenty of evidence shown. What was allowed to be brought in were things that I consider totally inappropriate. Cases that were not charged, cases that were dismissed, extensive testimony concerning the allegations when the case law under in rated detention of Lieberman and people versus Studdard, the case that was remanded from Winnebago County, suggested that what you need to present are certified copies of conviction, which they did have, but in these cases which are presented to a jury, they seem to believe it is necessary to go beyond the statutory requirements and go on and on about the specifics of the... Well, let me ask you. Normally if you're just using a conviction to impeach somebody's credibility, you have a certified conviction. But if you're trying to determine whether this person is in fact a violent sex offender who's apt to reoffend, doesn't that change things and make the specifics of his prior acts of which he's been convicted irrelevant? I would say that's definitely true. The argument I have, Your Honor, goes more in those areas where the trial court judge allowed dismissed cases, uncharged cases, and statements from police reports that were not certainly in evidence and that statutorily is not allowed to come into evidence. But weren't those the items that the experts used to form their opinions about mental disorder or risk of recidivism? I mean, they aren't being offered as proof of prior crimes, but they are used as the basis to determine whether or not he has a mental disorder or he might likely reoffend. The exception under the Wilson v. Clark that I believe it is being done, quite frankly, I don't think that's true. I think that what it is being used for is to prejudice the jury. In this particular case, it was unnecessary, but I think that's exactly why they do that. to throw as broad a brush as they possibly can on the defendant, bring in as much as they can on the defendant, though they call them respondents. Despite the fact that the act is in the Code of Criminal Procedure, this is civil in nature as numerous cases have tried to attack unsuccessfully. But the point is, Your Honor, that I think that that is something that should not have gone in. And I know exactly what you're suggesting is that this is, in my way, it's a backdoor way of getting prejudicial evidence before a jury. And there was no limiting instruction. And granted, I don't believe trial counsel asked for one, but they say that that is one of the things that can be done when you have a jury case is that you can give a limiting instruction that say that this information is being produced for the limited purpose. It is not for the truth of the matter, but rather to show something in line with what you indicated, Madam Justice, that it was something that was for providing information on the mental aberration aspect, which is also a requirement of the statute. Whether or not, and these cases seem to bring in this mixed bag of civil and criminal, whether you use the civil plain error rule, which is more onerous, in my opinion, than the criminal plain error rule. And I believe that the statutes allow, 615 specifically, allow for there to be this type of attack, if you want to use that phrase, under the Supreme Court's direction in the People v. Heron case. Where they say the plain error rule bypasses normal forfeiture principles and allow a reviewing court to consider unpreserved error where the error is serious, regardless of the closeness of the evidence. And I suggest that that is a serious error to bring in this type of evidence without the proper weighing. In this case, it was proper. Frankly, I don't think it was a close case. But I think that this reviewing court should give direction to trial practitioners on what they can do and what they can't do. And the way to preserve this case, because there appear to be some circumstances where you're restricted in these SVP cases to the civil rules and procedures. And other cases where you're given more latitude. And in this case, I believe direction from this court would be helpful. And for that reason, I am asking, while the relief in the brief filed by Mr. Fisher, I would say that there should be more latitude. A ruling that there was error committed and that the proper way of preserving the error can be through the plain error rule of criminal court used in this particular case. All right. Thank you, Mr. Riley. Ms. Wong? Good afternoon, Your Honors, and may it please the court. Assistant Attorney General Sherry Wong here on behalf of the people of the state of Illinois. I'll briefly respond to the evidentiary claims and then just briefly also touch on Issue 4 in the brief, which is regarding the dispositional hearing. It seems that we're all agreed that by failing to file a post-trial motion, respondent has forfeited the evidentiary claims here for appellate review. Illinois Supreme Court Rule 366B23 provides that in civil cases, in order to preserve an issue for appellate review, that issue must be raised in the post-trial motion. And here respondent didn't file a post-trial motion and therefore these claims are forfeited unless respondent can demonstrate that plain error applies. Now there's a question of whether or not the civil or the criminal plain error rule applies. And here respondent has acknowledged that proceedings under the SVP Act are civil in nature and therefore the civil plain error rule rather than the criminal plain error rule should be applied. The criminal plain error rule is grounded in Illinois Supreme Court Rule 615A. And 615A specifically allows for the application of the criminal plain error rule in criminal cases, in post-conviction cases, and in juvenile proceedings. That rule says nothing about the application of the criminal plain error rule to SVPs. And this is the equivalent of a life sentence for this guy. I mean, you really think that we shouldn't apply the criminal rule here? Under the SVP Act, SVP respondents have the opportunity after they've been adjudicated an SVP to petition for release. I understand that. But the reality is, is that what, a 73-year-old guy? He's 74 now. He was 73 at the time of trial. I mean, reality is he's probably there for life. If respondent can demonstrate that there has been such a change that has occurred since his original disposition, then he can demonstrate he is no longer sexually violent. And then that would allow him to be either released on conditional release or discharged completely. As you indicated, he is of advanced age, so it's possible he could develop a medical condition that could result in him being no longer sexually violent. In which case, then he could be subject to release conditionally. But here, the question is, are these proceedings civil in nature? And the Act specifically provides that they are civil in nature. The Illinois Supreme Court recently in Hardin held that they're civil in nature. What is the standard of proof here? Standard of proof in order to demonstrate that he is sexually violent? The people had to prove three elements beyond a reasonable doubt. It's beyond a reasonable doubt, which is clearly a criminal application here in this civil action. I guess I'm saying, why wouldn't we want to apply a criminal plain error rule? Sure. Under the same condition for the same reasons, essentially. Well, the General Assembly specifically determined that the beyond a reasonable doubt standard should apply at the adjudicatory phase. But then the SVP Act and the General Assembly also determined that SVP respondents should only be afforded certain criminal procedural safeguards. And there are only five or six that are specifically listed in the Act that apply to SVP respondents. That includes the right to be represented by counsel, the right to be present in cross-examining witnesses. The General Assembly did not specifically include that the application of the criminal plain error rule also be afforded to SVP respondents. And because the General Assembly did not intend for that to be the case, then we should default to the civil plain error rule, which the General Assembly has specifically contemplated that proceedings under the SVP Act are to be civil in nature. And with respect to the civil plain error rule, as Respondent acknowledged, it is a high burden. He has to demonstrate that there is a clear and obvious error. And that clear and obvious error was of such magnitude that it affected the fundamental integrity of the respondent's trial. Which is virtually prong two of the criminal rule. That's correct. But what the people wouldn't have to demonstrate with respect to the civil plain error rule is that the evidence was closely balanced. So this court would not have to look under the civil plain error rule to determine whether the evidence in this case was closely balanced. It would only have to determine whether or not there was a clear and obvious error, and then also whether or not the error was of such magnitude that it affected the fundamental integrity of the trial. And in the criminal plain error context, that usually only applies to structural error. Errors where prejudice is presumed. And the type of error that we're talking about here are only evidentiary errors, and not the type of structural error where prejudice would be presumed. I mean, even under the criminal rule, the opposing counsel doesn't even argue that this was a closely balanced case. I mean, the evidence of this fellow's prior escapades, even the ones of which he was convicted, are pretty serious. That's correct. So this court actually does not have to reach the civil versus criminal plain error rule and what applies in this case, because Respondent cannot even demonstrate that he can satisfy the criminal plain error rule. Because as Your Honor indicated, the evidence is not closely balanced. And also, again, we're only talking about evidentiary errors, and these types of errors are not the type of errors that would amount to structural error in the criminal context. But with regard to whether or not there was error at all, Respondent can't even demonstrate that with respect to the admission of the details of his sexually violent offenses and the uncharged offenses, that the admission of those details was even error. Because as Your Honor noted, those details were the basis for the expert's diagnosis. And because the experts relied on this information in determining whether or not the Respondent suffers from a mental disorder and whether he is substantially likely to sexually re-offend, and they testified to that at trial. That is the reason that they consider that information. The jury was made aware of that through their testimony. Then it was perfectly proper to admit those details. Can I move you along? I'm opposing counsel to discuss this. But the hearing that is required by the statute for disposition of the Respondent, the statute seems to indicate that there should be a separate hearing on this. The trial court, I think, just said, well, there's enough information here that I've got. I can go ahead and decide this. Never held a separate hearing. It's my understanding from your brief that you think that that's okay. Well, our position is that, one, the trial court does have to conduct a dispositional hearing, but it doesn't have to be a separate dispositional hearing. It can be a hearing that occurs right after the Respondent has been adjudicated. Well, and the statute says as soon as possible afterwards. Right. But did he do that in this case? He did, Your Honor. After the Respondent was adjudicated a sexually violent person, the people made its motion to commit the Respondent straightaway because there was sufficient evidence in the record for the trial court to make its determination regarding placement. Then the trial court gave Respondent an opportunity to argue as to whether or not conditional release or secure confinement was appropriate, and Respondent took that opportunity to argue that the trial court should adjourn the hearing that was underway at that moment and allow him to present further evidence from his expert regarding the Respondent's age. And the trial court, having considered both the people's argument and Respondent's argument, determined that based on the trial evidence there was sufficient evidence in the record for the court to make its determination regarding placement. Particularly, there was no evidence in the record regarding Respondent's participation in any sex offender treatment, which is one of the more important factors. I'm not saying the decision was wrong. I'm saying was that a separate hearing, and you're saying yes. It was, Your Honor, because the parties were present. How would you structure a hearing like that? Or have you already told me that, basically? I think the important points would be that the parties are present, the trial court give the parties an opportunity to argue as to which placement is appropriate, whether or not it be conditional release or secure confinement, and then the trial court consider both of the options and then give a ruling to that effect. And here, all of those factors would be met. Respondent was given an opportunity to argue which placement he considered to be appropriate, and instead of arguing about conditional release versus secure confinement, he instead asked the trial court to adjourn the hearing to allow for the further presentation of evidence. And this court has held in Winterhalter that the court doesn't have to adjourn the hearing for the further presentation of evidence if there's sufficient evidence in the record for the court to make its determination. And I think the record demonstrates that there was sufficient evidence here for the court to make its determination that conditional release was not appropriate. Just to briefly recap, the factors that the trial court is required to consider under the Act are the fact that the details regarding the respondent's mental disorders and also participation to and access to treatment, and all that evidence was in the record. The people's experts testified exhaustively regarding the respondent's current mental disorders, his past mental history, all the details regarding his past sexually violent history. And also there was sufficient evidence in the record demonstrating that since the people had petitioned, the respondent to be committed under the SVP Act, he had demonstrated no indication that he was interested in sex offender treatment, had not participated in any since we had petitioned. And that was more than enough evidence in the record for the trial court to make its determination that conditional release was not appropriate. So even if this court were to determine that the trial court did not conduct a dispositional hearing under the facts of this case, this court can find also that any error here was harmless given the abundant evidence that was in the record supporting the determination that conditional release was not appropriate. Are there no further questions? Thank you. Thank you, Ms. Wong. Mr. Riley, some rebuttals? Very briefly, Your Honor. First on the issue that Justice Litton raised, I think Judge Balestrier, the trial judge, somewhat inartfully made his opinion where he is quoted both in Mr. Fisher's brief and also in the Appellee's brief. He said specifically, I don't see any, I think it would be repetitive to have any kind of dispositional hearing at this time, which was not a good way of saying it. I think what he could have said provides for exactly what happened, is that the court considered everything that went on up to that point, including what Ms. Wong was suggesting as to his lack of treatment. It would have been repetitive, but saying that I'm not having a hearing, quite frankly, was against the statute, but in essence he did conduct a hearing by incorporating all the evidence that went into the case. And there was a case that was cited where virtually the exact same thing happened, I can't think of it off the top of my head, but this is not unique that this happens in these type of cases where the court makes a ruling right then and there that I've heard all of the evidence and therefore there should be a confinement in a secured setting. So that's why I didn't bring it up. Well, the brief brought it up. Yes. I am troubled by these cases shifting it to civil when it serves the needs of the state. As both justices indicated, these are extremely serious cases. They're life sentences subject to redetermination if you're ever cured. But be that as it may, Your Honor, I think that with all of the other things that are put into place by way of protections, the beyond a reasonable doubt, the right to counsel, the right to psychiatrists at the people's expense if you can't afford it, unlike the SDP Act, a lot of safeguards in place. And I do not have nearly the same belief that Ms. Wong has, that the General Assembly, in their infinite wisdom, provides each and everything that should to ensure proper safeguards. Let me just ask you, then, if we go ahead and apply the criminal plain error rule, what prong do we put this in? Well, the second one that was cited, that the error is serious regardless of the closeness of the evidence. Okay. But the Supreme Court cases have construed that and said basically that they're almost equating that with structural error. In other words, this was so bad that the plaintiff couldn't have got a fair trial. And I'm familiar with that concept, and it is something that's egregious error where you're having a totally white jury of a black person, a bat's in violation, or something extremely serious. I just think that it should be clear that going down that, constantly going down the road saying civil applies when it serves the state, I think is wrong. I think it's improper in this type of case. And as a practical aspect, it may not provide much of a remedy for any of these respondents who are committed, as Justice Litton indicated, for essentially the remainder of their life, unless they show that they've really turned things around. But I think to be consistent, it should say criminal, criminal, criminal, criminal sanctions. This idea that it can be civil when it serves the needs of the state is, in my view, improper. And assistance of this court in putting that safeguard in, I think, would be in line with due process. In line with the general notions that are put in this SVP case, or SVP statute, which is crafted much better than the SDP case. I mean, I think your concerns are certainly, everybody seems to agree, are well taken, and it just may be you don't have the best client to, in this particular case, the best client to forward those concerns. I'm not going to disagree with that one bit. That's why my argument is limited to the areas that I addressed at the beginning. There are no further questions. Thank you very much. All right. Thank you, Mr. Riley. Ms. Wong, thank you. Also, the matter will be taken under advisement. A written disposition will be issued. And this time, we really are going to have a panel change.